IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MARSELLA D. MILES, | : |
| Plaintiff, | : |
| v. | : Case No. 4:25-cv-153-CDL-AGH |
| Warden RYAN BELAND, *et al.*, | : |
| Defendants. | : |

## ORDER

*Pro se* Plaintiff Marsella D. Miles, a prisoner at Rutledge State Prison in Columbus, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also moves for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and for "nominal monetary damages" (ECF Nos. 4, 5). For the following reasons, Plaintiff's motion to proceed IFP is **DENIED,** and Plaintiff must pay the $405.00 filing fee in full and amend or supplement his Complaint in accordance with the instructions set forth below within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with these claims. Additionally, the Court **STRIKES** Plaintiff's motions for damages pursuant to Federal Rule of Civil Procedure 11.

### MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee (ECF No. 2). A review of Plaintiff's submissions shows Plaintiff received a deposit of $855,645.15 to his prison trust fund account on January 22, 2024, and the balance in his prison trust fund is still $855,645.15. Mot. to Proceed IFP 2, ECF No. 2; Trust

Account Statement 1, ECF No. 2-1.  Plaintiff's motion for leave to proceed IFP is therefore **DENIED**, and Plaintiff must pay the $405.00 in full within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with this action.  If circumstances have changed and Plaintiff cannot pay the filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement covering the most recent six months, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

## MOTIONS FOR MONETARY DAMAGES

Plaintiff also filed two motions for "nominal monetary damages" in which he requests that the Court "rule in [his] favor" and award him monetary damages for the alleged constitutional violations he describes in his Complaint.  Mot. for Nominal Damages, ECF No. 4; Re-filed Mot. for Nominal Damages 1, ECF No. 5.  Plaintiff's first such motion (ECF No. 4) was unsigned.  On June 3, 2025, the Clerk's office thus issued Plaintiff a "notice of deficiency" advising him that pursuant to Federal Rule of Civil Procedure 11, "[e]very pleading, written motion and other papers must be signed by a party personally if the party is unrepresented."  Plaintiff was given fourteen (14) days to re-file a signed document and warned that the failure to comply could result in dismissal of his case.  On June 17, 2025, Plaintiff re-filed his motion for "nominal monetary damages" (ECF No. 5), but this motion was again unsigned.

As was explained to Plaintiff, the Federal Rules of Civil Procedure require him to personally sign any written motion he files in this Court.  Fed. R. Civ. P. 11(a).

The rule also states that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* The notice of deficiency advised Plaintiff that he failed to sign his motion for nominal monetary damages, and the Court gave Plaintiff a chance to correct this omission, but Plaintiff failed to do so. Consequently, the Court must **STRIKE** Plaintiff's unsigned motions (ECF Nos. 4, 5). The Court notes, however, that Plaintiff may amend his Complaint to include a request for monetary damages in accordance with the instructions below.

### ORDER TO AMEND OR SUPPLEMENT

The Court reviewed Plaintiff's Complaint and will require additional information to determine whether Plaintiff states an actionable claim. *See* 28 U.S.C. § 1915A (requiring the Court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"). Plaintiff contends he was attacked by "a random inmate" on April 26, 2025 at Rutledge State Prison ("RSP"). Compl. 5, ECF No. 1. Plaintiff states there were no cameras available to document this attack. *Id.* He sues RSP Warden Ryan Beland and Officer Owens for the injuries he incurred and seeks injunctive relief. *See id.* at 1, 6.

Individual prison officials can be held liable under 42 U.S.C. § 1983 if they act with deliberate indifference to an inmate's safety by failing to protect the inmate from harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To establish deliberate indifference in this context, a plaintiff must plausibly allege that the prison official:

3

(1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer*, 511 U.S. at 839). In this case, however, Plaintiff does not mention Defendants Beland and Owens in the body of his Complaint or explain why these individuals were deliberately indifferent to a serious risk of harm to Plaintiff.[1] It is therefore impossible for the Court to conclude that either of these individuals acted with deliberate indifference to Plaintiff's constitutional rights. *Id.* at 1253 (holding that a showing of subjective recklessness is satisfied only if the plaintiff shows "that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm"); *see also Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

Additionally, it appears clear from the face of Plaintiff's Complaint that he failed to fully exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, "when a state provides a

---

[1] In his motions for monetary damages, Plaintiff mentions that his "transgender rights of saftey [sic]" were violated and suggests that an unnamed "officer was negligen[t] about [his] situ[a]tion of being extrioned [sic] for money." *See, e.g.,* Mot. for Nominal Damages, ECF No. 4. He does not further explain either of these statements, and at any rate, these motions must be stricken as noted above.

4

grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000); *see also Woodford v. Ngo*, 548 U.S. 81, 95 (2006) (holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).

Therefore, an inmate must comply with each of the prison's "deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. The exhaustion of available administrative remedies is a mandatory requirement and cannot be waived even when the grievance process is futile or inadequate. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Although failure to exhaust is an affirmative defense that need not be pleaded on the face of the complaint, dismissal of a complaint is still warranted under the screening process set out in 28 U.S.C. § 1915A when it appears clear "on the face of the complaint" that the plaintiff failed to exhaust all available administrative remedies prior to filing suit in federal court and thereby cannot state a claim for relief. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); *see also Jones*, 549 U.S. at 215. Here, the attack

occurred less than a week before Plaintiff signed his Complaint, and he states his grievance was "still pending" at this time. Compl. 3. It thus appears Plaintiff did not fully exhaust because he did not give prison officials a chance to address his grievance prior to filing his Complaint.

Because Plaintiff is acting *pro se*, the Court will give Plaintiff an opportunity to amend his pleading to address these deficiencies. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it."). If Plaintiff wishes to pursue his claims, he is **ORDERED** to amend or supplement his Complaint by providing additional factual allegations in support of his claims. Plaintiff should list each individual or entity he intends to sue in this action on a sheet of paper and then, beside each name, describe exactly (1) what each did, or did not do, to violate his constitutional rights and (2) what injury he suffered as a result of each defendant's actions. Plaintiff should specifically address: (1) when Plaintiff informed any defendant that he was being threatened or harassed by other inmates prior to or during any assault; (2) to which defendants Plaintiff conveyed that information; (3) what Plaintiff told each defendant about the threats he was receiving prior to the assault; and (4) what action, if any, each individual defendant took before or after the assault to address the issue. Plaintiff should also explain whether he exhausted his administrative remedies prior to filing his Complaint. Plaintiff may also amend his Complaint to include his requests for monetary damages.

Plaintiff should ensure that the case number for this case appears on his amendment, which will be considered in conjunction with Plaintiff's original Complaint. To survive preliminary review, Plaintiff's Complaint must allege facts creating "a reasonable expectation" that discovery will reveal evidence to prove his claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to amend or supplement his Complaint as described herein.

## CONCLUSION

Plaintiff's motion to proceed IFP (ECF No. 2) is **DENIED**, and he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) either pay the $405.00 filing fee or submit a renewed motion for leave to proceed IFP explaining his inability to pay that fee and (2) amend/supplement his Complaint in accordance with the instructions above if he wishes to proceed with his claims. The Court **STRIKES** Plaintiff's pending motions for monetary damages (ECF Nos. 4, 5). Plaintiff must also notify the Court immediately, in writing, of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this action.** There shall be no service of process until further order.

SO ORDERED, this 23rd day of June, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE