**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| **MARSELLA D MILES,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :      **Case No. 4:25-cv-153-CDL-AGH** |
| | : |
| **Warden RYAN BELAND,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| ━━━━━━━━━━━━━━━━━━━━ | : |

## ORDER

Pending before the Court is a Complaint filed by *pro se* Plaintiff Marsella D. Miles, a prisoner in the Rutledge State Prison in Columbus, Georgia (ECF No. 1).  On June 23, 2025, Plaintiff was ordered to pay the $405.00 filing fee in full or submit a renewed motion for leave to proceed *in forma pauperis* explaining his present inability to pay that fee. Plaintiff was also ordered to amend or supplement his Complaint to provide the Court with additional information about his claims.  Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case.  *See generally* ECF No. 6.

The time for compliance passed, and Plaintiff did not recast his Complaint as ordered.  Plaintiff also failed to pay the filing fee, although he did file a motion authorizing this Court to deduct the money directly from his account (ECF No. 7).  On August 8, 2025, the Court thus ordered Plaintiff to respond and show cause why his case should not be dismissed for failure to follow the Court's orders and instructions.  The Court also denied

Plaintiff's motion after noting that it is his responsibility to ensure that the fee is paid and directed Plaintiff to provide the Court with information regarding his efforts to pay the fee if he experienced any difficulties. Plaintiff was again given fourteen (14) days to comply, and he was again warned that the failure to fully and timely comply with his orders and instructions could result in the dismissal of this case. *See generally* ECF No. 8.

The time for compliance has expired without a response from Plaintiff. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (upholding dismissal without prejudice of *pro se* prisoner's complaint for failure to follow court's instructions). This action is therefore **DISMISSED without prejudice** because Plaintiff failed to comply with the Court's June 23, 2025 Order.

**IT IS SO ORDERED** this 15th day of September, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA